Case 15-3051 United States of America v. Kevin Eugene Mack Mr. Briley for the appellant, Ms. Seifert for the appellee Good morning, your honor. May it please the court, my name is John Briley I was appointed by this court to represent Mr. Mack on his appeal and I was also court appointed counsel in the U.S. District Court for negotiating his plea and his sentence I believe that this is an uncomplicated, Mr. Mack believes that this is an uncomplicated fact situation, he believes that his sentence was unfair for a number of reasons that were amply demonstrated in the record of the court below and in his pleadings before the court below that he was selectively prosecuted among a group of people who were under investigation over a substantial period of time that the second transaction for which he was sentenced which accumulated his sentence operated for no other purpose than to enhance his sentence there was no other person charged as a result of the continued investigation and the second case of what Mr. Mack perceived to be a case of entrapment for what was, that legal issue was clearly decided against him by the U.S. District Court he believes that the... The District Court never addressed the sentence manipulation claim I'm sorry, your honor The District Court never addressed the sentence manipulation claim Not directly, that's correct Well, it was addressed by, there's nothing on it The basis for the appeal is that the district judge who sentenced him did not Didn't address it Did not address the issues that he raised, yes and the government's argument that the colloquy that transpired in the court below the court did not specifically rule on those protests did not specifically explain why it chose to adhere to the federal guidelines when there were equally applicable, well, equally applicable on the facts not in the, not applicable by law to the court in terms of whether the D.C. sentence, certainly the D.C. sentencing aren't obligatory in this court, in the court below but they are available, this court has recognized that those guidelines could be relevant to a sentencing decision I would point out to this court that this matter was clearly a was for the, since it evolved into only the prosecution of Kevin Mack was a local matter more than a federal matter and that the U.S. attorney's exercise of its discretion which the court allows it to do to bring this matter into federal court because there are federal statutes that were violated was based on a desire to punish him and that is why, that is what the prosecutor told the judge in the court below that that was the only reason that the prosecutor could think of as to why, when the prosecutor was asked that question she could only say that the only reason appeared to be that the sentencing guidelines were more harsh in the district court system than they are in the federal court system but this was a drug investigation conducted by metropolitan police officers all of the activity took place within the District of Columbia so as a factual matter there was no reason why the court did not have recourse or explain why it thought that maybe the District of Columbia sentencing guidelines superior court sentencing guidelines were inappropriate Mr. Mack argued that they were more reasonable and there's nothing that Mr. Mack knew of  where any given number of months other than what the Sentencing Commission has prescribed in its schedule why any number of months is appropriate punishment for someone who has violated the law I would point out to court there is one factual discrepancy minor discrepancy between the government's view and Mr. Mack's view and that is the government continues to argue that Mr. Mack initiated these two drug transactions when in fact the government acknowledges that both transactions that resulted in Mr. Mack appearing to deliver when he appeared to deliver quantities of liquid containing PCP to an undercover officer that was prearranged through text messages and it was never established or even tentatively proved that it was Mr. Mack who had sent those text messages to the undercover officer so we would ask the court to remand this matter to the district judge so that he could fully consider why the D.C. guidelines, sentencing guidelines might be just as appropriate as the federal guidelines especially since it's now clear that the federal guidelines are only advisory so if the court has no questions on what I have argued before the court then I will reserve the rest of my time for rebuttal if necessary Thank you Mr. Bradley Good morning your honors, Karen Sievert for the United States This court should not disturb the district court's bottom of the guidelines sentence which is presumed reasonable by this court Initially I'd like to address that the government submits that Locke and Bigley are dispositive with respect to the standard of review here Appellant before this court brings only a procedural claim stating that the district court did not adequately explain its sentence not a substantive claim Appellant never objected below to the district court's explanation and therefore under both Locke and Bigley this court reviews only for plain error and looking, in any event, under any standard either abuse of discretion or plain error this court has ample evidence that the district court's sentence was reasonable and that it adequately explained its basis Ms. Sievert, respectfully, and I'm sure you know what I'm going to raise Ms. McKeever made it very clear what Bigley initiated A district court that gets a clear claim of sentence manipulation has a responsibility under the law of the circuit now to respond to it It was clearly raised here a couple of times The district court never addressed it Your attempt to distinguish McKeever is amusing It just doesn't work because in that case one of the defendants did not clearly raise it and we still send it back for the district court to consider it in the first instance We have a clear case here of a defendant raising sentence manipulation You do not argue I re-read your brief again You do not argue it's a frivolous claim What the district court does with it, they do in the first instance So I'm not talking about the merits but it was raised and it was not addressed I disagree, Your Honor, that it was not addressed The court amply addressed that argument in its order Show me where the district court said I understand there's a sentence manipulation claim here and here's my response to it The court addressed that on the motion to dismiss at length and published that order and then when we came to sentencing here Appellant is raising the identical argument The court has already in its written order Where did the district court say I'm addressing sentencing manipulation and here's my response under the law of the circuit I believe that is addressed in the motion to dismiss because the sentencing manipulation argument is that here the government purposefully went through and had a second transaction and that was for the purpose of trapping the defendant here and had the defendant been arrested after the first transaction the second transaction never would have occurred and that is addressed at length in the district court's order on motion to dismiss Why is it not cited in your brief? It is cited in our brief, Your Honor I'm happy to reference you to that and it's also in our supplemental appendix We've printed out the entirety of the district court's opinion on motion to dismiss and so the government submits that Here, this is a two-year case in which the defendant pleads guilty takes the plea back files numerous motions to dismiss there's a hearing on motion to dismiss the judge files a written order on motion to dismiss that he publishes then the defendant pleads then there's a hearing on the drug quantity the court files a written order on the drug quantity determination then we go to sentencing the court hears from both parties and then gives an ample recitation of the additional things that the defendant brought up at sentencing that had not already been addressed by the court It would be, you know, just wouldn't make sense for the court here to go back and re-address arguments In the argument for the sentence variance the district court did not address it I'm sorry, Your Honor? In the arguments for sentence variance the district court did not address Well, the district court did, I believe, address the question of this variance and I believe in did not address sentencing manipulation which is what our case law says you're supposed to do you're supposed to explain the sentence and whatever happened in a preceding motion to dismiss is not what we're talking about Well, I think that We've already gone over this in McIver and Bigley I think that the difference between McIver and Bigley in this case, Your Honor is that here, the same thing that the what the district court already decided before these same parties was raised again at sentencing and the court declined to go back and say well, you know, I already ruled on that at length in my opinion on motion to dismiss so why, you know, it just seems unnecessary I'm sorry, but just where in the opinion, the published opinion are you referring to this appeal? Briefly, Your Honor In the JA, the opinion the relevant section seems to be at page 35 of the the appendix Yes, 36 But I can't it's only a page long two pages long I can't find what you're describing Well, this what Appellant's argument at sentencing was that the second transaction that he was induced into the second transaction and that was for the purpose of manipulating sentencing and the court specifically rejects that Of course, the word manipulation, I cannot find Okay Are you referring to his argument at the time that it was entrapment and selective prosecution? And, well, yes, and inducement I mean, the court specifically at page 36 of the supplemental appendix says defendant was not induced there's no evidence that the government requests were accompanied by any persuasive overtures or the defendant displayed any reluctance in consummating the transaction Now, that responds to the argument of entrapment Well, and Not to the argument that this second transaction was whoever initiated it whether, assuming there's no entrapment that it was pursued only to bump up his sentence Well, and, your honor, I don't I don't in the way that it was presented to the district court at sentencing the way the argument was made it is essentially the same as the way it was made on motion to dismiss that here The district court didn't address it I'm reading what you're referring to The district court does not refer to sentence manipulation sentence entrapment sentence bumping It's not there I'm reading It's right in front of me It's not there You say vigorously it was done No matter how vigorous you say it It's not there Well, your honor The argument was not attended to That's what we tried to say in McKeever based on Bigley And it can even result in plain error we're suggesting Because one of them didn't raise it We sent a district court judge with this contention and the district court judge had it has to answer it at sentencing And your honor the government's position is that the way it was raised here below Appellant is just re-litigating the same argument he already made on motion to dismiss It wasn't answered on the motion to dismiss I'm reading what you're referring to The district court does not say anything about sentence manipulation Sentencing has nothing And your honor I would submit that on appeal Appellant is now claiming that he made this robust claim of sentencing manipulation But before the district court what he argued only was that he was selectively prosecuted and that he was entrapped and that the purpose and that this case was brought in district court as opposed to superior court And this fulsome argument did not occur in the way in which your honor You're saying it wasn't raised I'm saying that the way it was raised is identical to the way it was raised on motion to dismiss It's the same argument as for motion to dismiss But it wasn't answered at either place That's the whole point Your honor So the fact that he's re-raising it because he never got an answer the first time seems to me impressive not damning And your honor Again, the government's position is that when you look at the way that it's raised it's not flushed out into this you know, they're just manufacturing this to bump up the guidelines and a manipulation claim It's really Here's what counsel said All it did was put Mr. Mack in a position of having a greater sentence and a fee, blah, blah, blah I mean, your honor And then it was re-raised again It was raised twice And the government's position is that the argument is the same as what the district court addressed on motion to dismiss All right I think your argument has to be if you're going to get through this at all is that in answering the entrapment argument in the public opinion on the motion When the court found that the second transaction was initiated by the defendant did that somehow cover any notion that the second transaction was meant to enhance the sentence? Yes, with one small change to that, your honor Just that the second transaction was the result of text messages between the undercover and the defendant And the court found that despite that there was no showing of that the defendant's will was overborne He was an active participant in the transaction And that that is the same argument that undergirds the same argument of sentencing manipulation So the court would be rejecting the argument for the same reasons the court had already laid out on motion to dismiss What did your point about text messages add to what I've said? Oh, just because I believe as defense counsel stated or, excuse me, appellant's counsel stated earlier that the undercover may have initiated the text message and not the defendant So the undercover did approach the appellant but he's an active participant That's what the court found And so it's the same the same reasoning So it's not clear who initiated the second transaction? No, I believe the undercover officer did initiate the communications Well, in that case then I don't see how the answer on entrapment in the first opinion can answer the argument made about sentencing manipulation Well, the government It just becomes the argument simply that the government initiated the second transaction in order to bump up the sentence The argument made below to the district court was that here the May I finish, Your Honor? Was that here the undercover and the entirety of the investigation was to punish just this defendant was to selectively prosecute him And I admit, Your Honor That was another argument And that's addressed Well, it's not as clear as I think it could have been made out at sentencing exactly what the defendant was arguing at that time But the facts that the court addresses on motion to dismiss are the same facts that the court would have found would have had to recite on its opinion at sentencing And that is why given the long history of this case and the court's fulsome discussion of these issues already the court It's unnecessary for the court to go back and repeat those same issues again The same questions arise to multiple arguments That's true, Your Honor And each of the arguments has to be addressed And here under plain error review appellant has not shown I mean, if I may just also address It's not plain error review It was raised Well, but again It's plain error because appellant doesn't after the court says what it's going to says its recitation of the sentence Appellant does not then object and say, Your Honor you haven't addressed points two and three That's why it's plain error review That's what we said in McKeever that you have to keep saying it over and over again as opposed to making the objection the district court doesn't address it What you said in Locke Your Honor In McKeever which is the latest statement on this following Bigley where we pulled the law together We said you have to re-raise it One of the defendants didn't raise it at all The other one raised it once did not re-raise it I would just say to the Your Honor there's a difference between a substantive issue that is raised or an objection a request for a certain sentence where the court denies that request or the court finds against you on the substantive issue Yes, that is a preserved claim But then there's the procedural question which is did the court adequately address your issues? And what this court said is Locke is because Locke did not challenge the adequacy of the district court's statement of the reasons this claim is reviewed for plain error and the court said the identical thing in Bigley and that because you don't you must at the end of the hearing say to the district court Your Honor you failed to address points two and three in my argument and give the court an opportunity to correct the error and the court then could have corrected the error Here it's appellant's burden on plain error review to show that there would be an effect on his sentence He received a bottom of the guideline sentence from a judge who had been before he'd been before for over two years and there's no showing that on remand Judge Contreras is going to get to any different result here He made a very long discussion about the specific facts of this defendant the seriousness of the offense the major role the appellant played in the offense his prior failures on probation the fact that he had an extensive criminal history the court even went in and looked at the DUIs that the defendant had and stated that on one of the DUIs he had hit a bicyclist and how dangerous the defendant's actions had been So here you have an appellant who's being seen as an individual and that is what Rita and Locke require that the court create a record that shows the court of appeals that he has been treated as an individual and the appellant has not even argued not even argued that there would be any effect on his sentence if this court remands and therefore the court at that point doesn't even have discretion to go to prong four and consider whether there's a miscarriage of justice and even if this court got to prong four and thought and entertained that question it should find that there is no miscarriage of justice for a bottom of the guidelines concurrent sentence and I would just note that it is concurrent because the thrust of appellant's argument before the judge is it's unfair that my client has to do time in Maryland and time here in federal court in D.C. and it's not fair he's going to be in jail for a very very long time and the court addressed that by running the sentence as concurrent and so he ultimately gave the defendant a huge benefit here by giving him a bottom of the guidelines concurrent sentence and he addressed the defendant as an individual and made a record for this court's review and for that reason we would request that the court affirm the judgment of the district court. All right. Thank you. Mr. Briley you had some time left. All right. You had four minutes left. Thank you Your Honor. I don't need four minutes I don't think unless the court has questions. I just wanted to address Judge Ginsburg's fact question about the second transaction. The government in her response Ms. Seifert said that there was a text message between the undercover officer and the defendant. That was not established. The text message was initiated by the undercover officer. He received a text message back. There was no proof as to who the sender who received who received the undercover officer's message or who sent the reply back. Mr. Mack appeared on the scene with the contraband that was the subject of the messages but there is no proof that he was anything other than a delivery person. So if there are no other questions I will ask the court to call the defense. I do have a question Mr. Riley. During the sentencing hearing the court didn't say anything about sentence manipulation. You said something about it. You basically said it kind of put him in the position of getting this longer sentence. But at the end of that the judge said does anybody have any objections and you didn't raise that. So I'm just wondering if you you know you did at least mention it and the court didn't directly respond to it. Why wouldn't you object at that point if you thought the court had ignored an argument you were making? Well at that point I thought speaking as defense counsel I was not trying to put myself back in that position as defense counsel it appeared to me that the judge had made up his mind with respect to the other arguments I was making at that point. It was the issue was whether or not the judge was going to give consecutive or concurrent sentences and I believed and I still believe that on behalf of Mr. Mack that I had made all the arguments that could be made on behalf of the sentence manipulation theory and that the judge had rejected those was not receptive to those but had not made a decision as to why he was not receptive to those particularly as to why he could not look at a fair sentence using the D.C. Superior Court guidelines which are not as harsh as the federal guidelines. So that's what I believe and I believe that Did you think that the decision on the motion to dismiss had actually dealt with this question of sentence manipulation? No, I do not. I believe the theory of the decision on the motion to dismiss was really a decision by the judge on motions that Mr. Mack had filed pro se that he wanted to dismiss. I would also point out to the Court as I read Locke puts this Court's decision and Locke says that the preserving the issue is in the disjunctive if the defendant, the appellant has not made the claim at the district court level or has not objected to the decision at the district court level that the objection is not preserved, that the issue is not preserved, but if once an appellant has made and laid out his claim at length and in arguments that that's sufficient and as other courts have pointed out it's superfluous and maybe unreal. My recollection is that McIver uses abuse of discretion standard did not require that the defendant re-raise the issue. Yes, that's essentially our argument is that as part of our argument about the manipulation is that this is an issue involving Locke. Which fits with your disjunctive view of  case. I would not follow that approach. McIver says it's raised it's abuse of discretion if the district court doesn't address it. That's our argument.    Thank you. Thank you, Mr. Biley. Your case will be submitted. Thank you. Thank you. Thank you. Thank you. Thank you.                   Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.
judges: Brown, Edwards, Ginsburg